NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

HECTOR MENDOZA,

        Plaintiff,                CIVIL NO. 05-6017 (GEB)

    v.

U.S. CUSTOM AND BORDER
PROTECTION.                        MEMORANDUM OPINION

        Defendant.

**BROWN, Chief District Judge**

        This matter comes before the Court upon Defendant U.S. Custom and Border Protection, Department of Homeland Security's (hereinafter "Defendant") Motion to Transfer Venue [Docket Entry # 15].  The Court, having read and fully considered the parties' submissions has decided this matter without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons discussed below, Defendant's Motion to Transfer Venue is granted.

**I.       FACTUAL BACKGROUND**

        Plaintiff Hector Mendoza is currently serving a sentence in Yazoo City, Missouri pursuant to a guilty plea he entered in the District of New Jersey for violations of Title 21, United States Code, Section 963 (conspiracy to import cocaine) and Title 8, United States Code, Section 1326 (illegal entry).  At the time of Plaintiff's arrest, which occurred in Philadelphia, Pennsylvania on May 16, 2000, Defendant seized $24,739.00 in United States currency, as well as a cell phone and a pager from Plaintiff.  Defendant thereafter assigned a seizure number to the currency and items and deposited the funds into a federal reserve bank in Philadelphia,

Pennsylvania.  (See Decl. of Counsel, Exh. 1 and 2; Docket Sheet).

Plaintiff was notified of the seizure and given a set period of time with which to contest forfeiture of the funds and items.  The parties differ as to whether Plaintiff contested the forfeiture of the property in a timely fashion.  Defendant asserts that Plaintiff did not timely contest, and as a result, on June 17, 2006, the funds and the items in question were forfeited. (Def. Brief, p. 3; Decl. of Counsel, Exh. 4).  The cell phone and pager were destroyed.  (Id.).

## II.   ANALYSIS

Defendant argues that Plaintiff's choice of venue is improper and inconvenient pursuant to 28 U.S.C. §§ 1404(a) and 1406(a) and as such, the instant civil action should be transferred to the Eastern District of Pennsylvania.  Venue concerns the appropriate district court in which an action may be filed.  Venue statutes generally are concerned with convenience, as they seek to channel lawsuits to an appropriately convenient court, given the matters raised and the parties involved in an action.  Leroy v. Great Western United Corp., 443 U.S. 173, 185 (1979).

When more than one proper venue is available under the applicable venue statute, the plaintiff is generally entitled to choose the location in which to file.  A plaintiff is not obligated to file an action in the most convenient forum, only in a proper forum.  Sussman v. Bank of Israel, 56 F.3d 450, 457 (2d Cir. 1995).  However, if the plaintiff chooses a relatively inconvenient forum, the action may be subject to transfer to a more convenient forum under 28 U.S.C. § 1404.  Further, plaintiff's forum choice is given less weight if the elected forum is not the same as plaintiff's residence, and is at a high risk of being overridden if not the forum where the operative events occurred.  Tranor v. Brown, 913 F.Supp. 388, 391 (E.D.Pa. 1996); Burstein v. Applied Extrusion Technologies, Inc., 829 F.Supp. 106, 110 (D.Del. 1992) ("when the

plaintiff has chosen to bring suit in a district that is not his 'home turf,' that the chosen forum is convenient to plaintiff is not presumed"). Finally, it has long been established that the party challenging venue carries the burden of proving that venue is improper. Myers v. American Dental Ass'n, 695 F.2d 716, 724 (3d Cir. 1982).

28 U.S.C. §1391(b), the applicable general venue statute, provides:

> A civil action wherein jurisdiction is not founded solely on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides . . . (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

In seeking transfer venue, Defendant invokes both 1404(a) and 1406(a) of Title 28. 28 U.S.C. § 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1406(a) states that "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

Determining which of the two transfer statutes governs transfer depends on whether venue in the district in which the plaintiff originally brought the action is "wrong" or not. When venue in the original district is proper, § 1404(a) applies. When venue is wrong, § 1406(a) applies. See Jumara v. State Farm Ins. Co., 55 F.3d 873, 878 (3d Cir. 1995) ("Section 1404(a) provides for transfer of a case where both the original and the requested venue are proper. Section 1406(a), on the other hand, applies where the original venue is improper and provides for

either transfer or dismissal of the case.").

      **A.**      **28 U.S.C. 1406(a)**

Where, as here, the United States is a defendant and suit is brought pursuant to 28 U.S.C. § 1331, venue is appropriate only in accordance with 28 U.S.C. § 1391(e)(2) or (e)(3), which states, in pertinent part that an action against an agency of the United States may be brought in the "judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated."

The instant action focuses upon the disposition of the funds and items seized from Plaintiff during his arrest in Philadelphia, Pennsylvania on May 16, 2000. As the items seized were destroyed, the funds become the property in question. Those funds were deposited into a federal reserve in Philadelphia, Pennsylvania. Therefore, the substantial part of the events, as well as the substantial part of the property that is the subject of the action occurred and was and/or is located in Philadelphia, Pennsylvania. As such, the Eastern District of Pennsylvania is the proper venue for Plaintiff's action.[1]

      **B.**      **28 U.S.C. § 1404(a)**

Assuming, *arguendo*, that venue was proper in the District of New Jersey, the Court would nevertheless find that venue would be more appropriate in the Eastern District of Pennsylvania under 28 U.S.C. § 1404(a), which is also known as the convenience statute. Under § 1404(a), venue is proper, but inconvenient to some or all of the parties. Transfer under this statute is appropriate if two requirements are met: (1) transfer of the action will enhance the

---

[1] As Defendant notes, because the underlying criminal action against Plaintiff has long since concluded, there can be no ancillary jurisdiction over Plaintiff's instant action. See United States v. Parlavecchio, 57 Fed. Appx. 917, 2003 WL 68073 (3d Cir. 2003) (unpublished opinion).

convenience of one of the parties, and is in the interest of justice; and (2) the proposed transferee district must be one in which the action "might have been brought" originally. Van Dusen v. Barrack, 376 U.S. 612, 615, 634 (1964). The proposed transferee court must be one in which the plaintiff properly could have filed the action initially. Hoffman v. Blaski, 363 U.S. 335, 343-344 (1960). In that regard, the transferee court must have been able to assert personal jurisdiction (as well as subject matter jurisdiction and venue) over the defendant at the time the action was initially filed. Id. at 342. Further, a defendant's consent to personal jurisdiction in the proposed transferee court as part of his or her transfer motion is not enough to satisfy the personal jurisdiction requirement. Id. at 343-344; Sunbelt Corp. v. Noble, Denton & Associates, Inc., 5 F.3d 28, 1994 A.M.C. 42 (3d Cir. 1993).

> The decision whether to transfer a case lies within the broad discretion of the district court. It requires the court to make a "flexible and individualized analysis," and to "weigh in the balance a number of case-specific factors" to determine whether the proposed transferee district would be a more convenient forum for the litigation. See Stewart Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29 (1988); see also White v. ABCO Eng'g Corp., 199 F.3d 140, 143-144 (3d Cir. 1999). Factors for consideration are in part set forth in § 1404(a). They are: (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) the interests of justice. In addition, the Supreme Court has also enumerated various factors which should be examined when considering whether an action should be transferred. See Gulf Oil Corp. v. Gilbert, 330 U.S. 501 (1947); Liggett Group Inc. v. R.J. Reynolds Tobacco Co., 102 F. Supp. 2d 518, 528 (D.N.J. 2000). Courts group these factors into two broad categories, private interest and public interest factors, which encompass consideration of the convenience to the parties and witnesses. Id. (citing

Gilbert).

The private interest factors incorporate the preferences of the parties in the context of the litigation, and include: (1) the choice of forum of the plaintiff; (2) the defendant's preference; (3) the ease of access to sources of proof; (4) the convenience of the witnesses - only to the extent that a witness may actually be unavailable for trial in one of the fora; and (4) where the claim arose.  See Jumara v. State Farm Insurance Co., 55 F.3d 873, 879 (3d Cir. 1995).  The second category analyzes the public interest including: (1) practical considerations which could make the litigation easier and more expeditious, or inexpensive; (2) court congestion and administrative difficulties; (3) the local interest in resolving local controversies at home; and (4) the public policies of the fora.  See Id.

In the case at bar, it appears that transferring venue to the Eastern District of Pennsylvania would satisfy a number of the factors.  First, most witnesses would be located in Philadelphia.  Second, the agency is located in Philadelphia.  Although no jury trial may be had under either jurisdiction pursuant to the Administrative Procedures Act, there is no indication that Plaintiff's interests in justice would not be as adequately served by the federal courts in the Eastern District of Pennsylvania as it would in the District of New Jersey.  Further, although Plaintiff has chosen the District of New Jersey as his forum, there is no benefit or detriment to him geographically if the case is heard in Pennsylvania or New Jersey, as he is currently incarcerated in Missouri.

As such, the instant action would be more conveniently and therefore more economically adjudicated in the Eastern District of Pennsylvania.

### III.     CONCLUSION

For the foregoing reasons, Defendant's Motion to Transfer Venue is granted. The action will be transferred to the Eastern District of Pennsylvania

s/Garrett E. Brown, Jr.
**GARRETT E. BROWN, JR**
**CHIEF UNITED STATES DISTRICT JUDGE**

Dated: March 19, 2007